McCulloch | Kleinman Law
Kevin P. McCulloch
Nate A. Kleinman
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358
kevin@mkiplaw.com
nate@mkiplaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN SPURLOCK; STEVEN MITCHELL; ADAM HUNGER; THOMAS RUSSO; GREG COOPER; STEWART MILNE; NOAH MURRAY; IAN RUTHERFORD; STEVEN FLYNN; JAMES E. BROWN; and MARK ZEROF,<br><br>*Plaintiffs*,<br><br>v.<br><br>THOMSON REUTERS AMERICA CORPORATION; ADOBE, INC.; SIPA PRESS, INC.; MAINSTREAM DATA, INC. d/b/a NEWSCOM; TT NEWS AGENCY; NTB SCANPIX; SCANPIX BALTICS; SCANPIX DENMARK; PRESSE SPORTS; IMAGEGLOBE d/b/a BELGA IMAGE; REAL TIME IMAGES; and JOHN DOE COMPANIES 1-10,<br><br>*Defendants*. | Civil Case No.<br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL** |

Plaintiffs Brian Spurlock, Steven Mitchell, Adam Hunger, Thomas Russo, Greg Cooper, Stewart Milne, Noah Murray, Ian Rutherford, Steven Flynn, James E. Brown, and Mark Zerof (collectively "Plaintiffs"), by and through undersigned counsel, hereby demand a trial by jury of all claims and issues so triable, and, as for their Complaint against Defendants Thomson Reuters America Corporation; Adobe, Inc.; Sipa Press, Inc.; Mainstream Data, Inc. d/b/a Newscom; TT News Agency; NTB Scanpix; Scanpix Baltics; Scanpix Denmark; Presse Sports; ImageGlobe d/b/a Belga Image; Real Time Images; and John Doe Companies 1-10 (collectively "Defendants") hereby asserts and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement against Defendants for the unauthorized and infringing use of Plaintiffs' photographic works.

2. Plaintiffs seek all damages available under the law and other relief as set forth herein related to Defendants' infringement of Plaintiff's copyrights in the photos at issue.

## PARTIES

3. Plaintiffs are professional freelance photographers and photojournalists who make their living by taking and licensing news and sports-related photographs for editorial use.

4. Plaintiffs Brian Spurlock ("Spurlock") and Thomas Russo ("Russo") are residents of Indiana.

5. Plaintiff Steven Mitchell ("Mitchell") is a resident of Florida.

6. Plaintiff Greg Cooper ("Cooper") is a resident of Massachusetts.

7. Plaintiffs Adam Hunger ("Hunger") and Noah Murray ("Murray") are residents of New Jersey.

8. Plaintiffs James E. Brown ("Brown") is a resident of Tennessee.

9. Plaintiffs Steven Flynn ("Flynn") and Ian Rutherford ("Rutherford") are residents of the United Kingdom.

10. Plaintiff Stewart Milne ("Milne") is a resident of Rhode Island.

11. Plaintiff Mark Zerof ("Zerof") is a resident of Kentucky.

12. Defendant Thomson Reuters America Corp. ("Reuters") is a corporation registered in Delaware with offices around the world, including in this District at 3 Times Square, New York, NY 10036.

13. Defendant Adobe, Inc. ("Adobe") is a corporation registered in Delaware with offices around the world, including in this District at 1540 Broadway, 17th Floor, New York, NY 10036.

14. Defendant Sipa Press, Inc. ("Sipa") is a corporation registered in Delaware with its principal office located at 85 Broad Street, Suite 18-115, New York, NY 10004.

15. Defendant Mainstream Data, Inc. d/b/a Newscom ("Newscom") is a corporation registered in Delaware, with its principal office located in Salt Lake City, Utah.

16. Defendants TT News Agency (formerly Scanpix Sweden), NTB Scanpix, Scanpix Baltics, and Scanpix Denmark (collectively, the "Scanpix Defendants") are four separate but associated photo licensing companies based in Europe.

17. Defendant Presse Sports ("Presse Sports") is a photo licensing company based in Boulogne-Billancourt, France.

18. Defendant ImageGlobe d/b/a Belga Image ("Belga") is a photo licensing company based in Brussels, Belgium, and a subsidiary of the Belga News Agency.

19. Defendant Real Time Images ("Real Time Images") is a photo licensing company based in Cape Town, South Africa.

3

20. Collectively, the Scanpix Defendants, Presse Sports, Belga, and Real Time Images are referred to herein as the "Foreign Distributors."

21. Defendants John Doe Companies 1-10 (the "John Doe Companies") are as-of-yet unidentified entities that are offering for sale, publishing, and distributing Plaintiffs' photographs.

## JURISDICTION AND VENUE

22. Jurisdiction for Plaintiffs' claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

23. Venue is proper in this Court under 28 U.S.C. § 1400(a) because Defendants may be found in this District.

24. This Court has personal jurisdiction over Defendants because, upon information and belief, they conduct substantial and ongoing business in the State of New York and in this District.

25. Defendants Reuters, Adobe, and Sipa each operate out of offices located in New York City and each also conducts substantial business in the State of New York, including by partnering with content providers located in this District.

26. Upon information and belief, Defendant Newscom operates and conducts substantial business in the State of New York, including by partnering with content providers located in this District and by operating a teleport or "network operations center" in New York.

27. Upon information and belief, each of the Foreign Distributors has contracted with businesses and/or engaged in significant activities in this District, including through the

distribution and licensing of images provided by Reuters, Adobe, and/or Sipa.

## FACTUAL ALLEGATIONS

28. Plaintiffs are freelance photographers who make their living primarily by obtaining media credentials to photograph sporting events and then subsequently licensing their photographs to various media outlets.

29. Plaintiffs license their photos primarily through Imagn Content Services, LLC ("Imagn"), the photo licensing division of the USA Today Network.

30. Because Plaintiffs "contribute" their photographic content to Imagn under a licensing contract, they are generally referred to in the industry as "contributors" and their contractual licensing agreements with Imagn are generally referred to as "contributor agreements" (hereinafter, the "Contributor Agreements").

31. In all cases, although Plaintiffs license and distribute their photographs through Imagn, which acts as their licensing agent, Plaintiffs always have retained ownership of and all copyrights in/to their photographs.

32. Each of Plaintiffs' various Contributor Agreements with Imagn expressly recognizes and provides that Plaintiffs retain all copyrights in the photographs that they contribute/license to Imagn.

33. Plaintiffs have never transferred or assigned copyrights in their photographs to Imagn, or Defendants.

34. Plaintiffs have never authorized or permitted Imagn to act on their behalf in any respect with regard to potential violations or infringements of their copyrights. Plaintiffs have never authorized or permitted Imagn to settle or release any copyright claims (including through

5

granting so-called "retroactive" or "clean up" licenses) that Plaintiffs may have against any third parties, including but not limited to claims against Defendants.

35. In or about March 2020, Plaintiffs became aware that Defendants are offering many thousands of Plaintiffs' photographs for sale on the Defendants' various online platforms.

36. The Defendants are offering Plaintiffs' photographs for sale on an *a la carte* basis, meaning that Defendants offer individual photographs for sale on a separate basis.

37. Upon information and belief, Defendants have been offering Plaintiffs' photographs for sale on an *a la carte* basis for at least several years.

38. Attached hereto as Exhibit 1 are screen captures showing examples of Defendants Reuters, Adobe, Newscom, and Sipa's display and sale of Plaintiffs' photos on each of their websites.

39. The screen captures shown in Exhibit 1 are not exhaustive and are attached merely for illustrative purposes.

40. Because information regarding the scope of third-party sellers' display and sale of Plaintiffs' photographs remains in Defendants' and Imagn's possession, Plaintiffs are not able to determine the full scope of use at this time.

41. Upon information and belief, Defendants Reuters and Sipa have distributed Plaintiffs' photographs to some or all of the Foreign Distributors, who are in turn selling *a la carte* licenses to Plaintiffs' photographs.

42. Attached hereto as Exhibit 2 are screen captures showing examples of the Foreign Distributors' display, distribution, and sale of Plaintiffs' photos.

43. The screen captures shown in Exhibit 2 are not exhaustive and are attached only for illustrative purposes.

44. Upon information and belief, Defendants did not obtain a license or proper authority to sell and distribute Plaintiffs' image archives on an *a la carte* basis prior to doing so, and/or acted outside the scope of any license(s) obtained.

45. Upon information and belief, Defendants have purported to sublicense Plaintiffs' photos to other entities without the proper authority or a license from Plaintiffs.

46. Upon information and belief, Defendants have generated significant revenue and profits through the sale and distribution of Plaintiffs' photos.

## COUNT I
## COPYRIGHT INFRINGEMENT

47. Plaintiffs repeat and re-allege each allegation set forth above as if set forth fully herein.

48. Plaintiffs are the sole authors and copyright owners of their respective photographs at issue in this action.

49. Plaintiffs have registered their copyrights in and to the photos at issue in this case with the United States Copyright Office.

50. Attached as Exhibit 3 is a chart listing the copyright registrations and photos belonging to Plaintiff Spurlock.

51. Attached as Exhibit 4 is a chart listing the copyright registrations and photos belonging to Plaintiff Mitchell.

52. Attached as Exhibit 5 is a chart listing the copyright registrations and photos belonging to Plaintiff Hunger.

53. Attached as Exhibit 6 is a chart listing the copyright registrations and photos belonging to Plaintiff Russo.

54. Attached as Exhibit 7 is a chart listing the copyright registrations and photos

belonging to Plaintiff Cooper.

55. Attached as <u>Exhibit 8</u> is a chart listing the copyright registrations and photos belonging to Plaintiff Milne.

56. Attached as <u>Exhibit 9</u> is a chart listing the copyright registrations and photos belonging to Plaintiff Murray.

57. Attached as <u>Exhibit 10</u> is a chart listing the copyright registrations and photos belonging to Plaintiff Rutherford.

58. Attached as <u>Exhibit 11</u> is a chart listing the copyright registrations and photos belonging to Plaintiff Flynn.

59. Attached as <u>Exhibit 12</u> is a chart listing the copyright registrations and photos belonging to Plaintiff Brown.

60. Attached as <u>Exhibit 13</u> is a chart listing the copyright registrations and photos belonging to Plaintiff Zerof.

61. Plaintiffs collectively assert claims for all of the photographs included and registered under the copyright registrations listed in Exhibits 3-13.

62. Upon information and belief, each of the photographs covered by the registrations listed in Exhibits 3-13 were copied, displayed, distributed, sold and/or offered for sale by Defendants through their respective online platforms.

63. The conduct by Defendants alleged herein constitutes a violation of Plaintiffs' exclusive rights in the photographs, in violation of the U.S. Copyright Act, 17 U.S.C. § 106.

64. Defendants copied, published, displayed, and distributed Plaintiffs' copyrighted photos for purposes of selling *a la carte* licenses without first obtaining a valid license or permission from Plaintiffs or Imagn.

...
...

...

65. Upon information and belief, to the extent Defendants did obtain any license to display and/or publish Plaintiffs' images, they acted outside the scope of that license by reselling the images on an *a la carte* basis, and further distributing the images to other sublicensing entities.

66. By copying, displaying, publishing, and otherwise exploiting Plaintiffs' copyrighted works without proper authority, Defendants caused Plaintiffs significant injuries, damages, and losses in amounts to be determined at trial.

67. Plaintiffs seek all damages recoverable under the Copyright Act, including statutory or actual damages, any profits attributable to the infringements and damages suffered as a result of the lack of compensation, credit, and attribution and from any diminution in the value of Plaintiff's copyrighted works.

**WHEREFORE,** Plaintiffs respectfully pray for judgment on their behalf and for the following relief:

1. A trial by jury of all claims and issue so triable;

2. A permanent injunction against Defendants from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted works identified herein, and requiring Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiffs' photographs and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendants;

3. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiffs' loss of licensing revenue and Defendants' profits attributable to infringements, and damages suffered as a result of the lack of credit and attribution, as well as for removal/alteration of copyright management information;

      4.      Plaintiffs' full costs and attorneys' fees incurred in pursuing and litigating this matter;

      5.      Any other relief authorized by law, including punitive and/or exemplary damages; and

      6.      For such other and further relief as the Court deems just and proper.


Dated:  October 30, 2020

                                                      Respectfully submitted,

                                                      /s/ Nate A. Kleinman
                                                      Nate. A. Kleinman
                                                      McCulloch | Kleinman Law
                                                      501 Fifth Avenue, Suite 1809
                                                      New York, New York 10017
                                                      T: (212) 355-6050
                                                      F: (206) 219-6358