## Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

April 13, 2021

Robert LoBue
Partner
(212) 336-2596
rplobue@pbwt.com

<u>By ECF and email attachment (CronanNYSDChambers@nysd.uscourts.gov)</u>
The Honorable John P. Cronan
United States District Court, Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

Re: ***Spurlock et al. v. Thomson Reuters America Corp. et al.,***
<u>No. 20-cv-09135-JPC (S.D.N.Y.)</u>

Dear Judge Cronan:

 We are counsel to Defendant Thomson Reuters America Corp. ("Reuters") and on behalf of Reuters and Co-defendants Adobe Inc. ("Adobe"), Sipa Press, Inc. ("Sipa"), and Real Time Images ("Real Time") (collectively, the "Moving Parties") respectfully submit this pre-motion letter to set forth the bases for an anticipated motion to dismiss the Complaint and alternatively for a stay pending arbitration, and proposed briefing schedule.  The time set by stipulation for the Moving Parties to respond to the Complaint is April 14, 2021.[1]

**Background**

 Plaintiffs are freelance photographers who have entered into "Contributor Agreements" in which they grant non-party Imagn Content Services, LLC ("Imagn") exclusive rights to their photographs.  Reuters and Sipa in turn are licensees of Imagn, and Adobe and Real Time are sub-licensees of, respectively, Reuters and Sipa.  The Complaint alleges that Defendants infringed Plaintiffs' copyrights in their photographs by distributing them in ways that exceeded their licenses. Compl. ¶ 44.

 Plaintiffs allege that they never authorized Imagn "to act on their behalf" with regard to infringement of their copyrights, and "never authorized or permitted Imagn to settle or release any copyright claims … against any third parties."  Compl. ¶ 34.  Those allegations are false.

---

[1] One additional Defendant, Mainstream Data, appears to have been served with the Summons and Complaint, although that Defendant has not to our knowledge appeared by counsel. Mainstream Data is a sub-licensee of Reuters, and the arguments for dismissal set forth herein likely apply equally to that defendant.  The docket does not reflect service on, or appearance by, other named Defendants, all foreign-based entities.

The Honorable John P. Cronan
April 13, 2021
Page 2

The Contributor Agreements, which the Court may consider on a motion to dismiss under Rule 12,[2] grant to Imagn an exclusive worldwide license for all uses of photographs submitted by the Plaintiffs, including the unfettered right to issue sublicenses at Imagn's sole discretion.  The Contributor Agreements also contain the following language:

> Photographer hereby grants Agency [i.e., Imagn] the **exclusive right** and authority to make claims or to institute proceedings for the infringement, misuse or unauthorized use of the Photographs, and to take any such action in its own or Photographer's name to prosecute such use, or to refrain from taking any action….  All settlements shall be made in Agency's sole and absolute discretion, with settlement proceeds to be split equally with Photographer.   If Agency chooses not to pursue any such claim, Photographer may do so **only if granted written permission by Agency**.[3]

Plaintiffs do not plead that they received Imagn's written permission to institute this suit.

Reuters and Sipa each entered into settlement agreements with Imagn, pursuant to which Imagn, acting under the above-quoted provision, released any claims that could have been made by Imagn **or by the Plaintiffs** against Reuters, Sipa, and their sub-licensees (including Adobe and Real Time) for the alleged infringement of the Plaintiffs' copyrights ("Releases").

The Moving Parties provided copies of the Releases to Plaintiffs' counsel and explained their grounds for dismissal at a meet-and-confer session on March 9, 2021.  Plaintiffs advised Defendants on April 12 that they do not consent to this motion.

### Anticipated Grounds for Motion

1. Lack of Standing.  "Once the copyright owner grants an exclusive license of particular rights, only the exclusive licensee and not his grantor may sue for later occurring infringements of such rights." *Essex Music, Inc. v. ABKCO Music & Records, Inc.*, 743 F. Supp. 237, 242 (S.D.N.Y. 1990).  Plaintiffs not only granted Imagn an exclusive copyright license; they also contracted away their own right to sue for infringement.  If the Moving Parties exceeded the

---

[2] *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).  The Complaint incorporates the Contributor Agreements by reference, and "relies heavily" upon their terms and effect.  *See* Compl. ¶¶ 29-34.

[3] Emphasis supplied.  All of the Contributor Agreements include this or a substantially similar formulation that also grants Imagn the right to sue and settle for infringement, and bars the Plaintiffs from instituting suit absent notice from Imagn.

The Honorable John P. Cronan
April 13, 2021
Page 3

terms of licenses granted by Imagn (which they did not), it is only *Imagn* that could sue.  The Complaint should be dismissed for Plaintiffs' lack of standing.[4]

2. Release.  Even if Plaintiffs had standing, the Releases extinguish the infringement claims the Plaintiffs purport to allege against the Moving Parties.  The Moving Parties intend to submit the Releases and include them as a basis for their motion—and, to that limited extent, understand the motion may be considered as one for summary judgment without prejudice to later summary judgment motions on different grounds, should any portion of the action survive, because an early motion on this point would serve the interest of judicial efficiency.

3. Failure to state a claim.  The Complaint is deficient under Rule 8 for at least two reasons.  First, its central allegation is the legal conclusion, offered on "information and belief," that Defendants' licenses did not permit them to distribute images "on an *a la carte* basis."  Compl. ¶ 44.  But there are no factual allegations to support that speculative claim.  *See, e.g.*, *Yamashita v. Scholastic Inc.*, 936 F.3d 98, 105 (2d Cir. 2019) (complaint merely identified "license limitations that *might* have been imposed and that *might* have been violated"), *cert. denied*, 140 S. Ct. 2670 (2020); *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 228 (S.D.N.Y. 2000) (same).

Second, the Complaint does not provide adequate notice of which works were allegedly infringed.  "Broad, sweeping allegations of infringement do not comply with Rule 8."  *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 n.3 (S.D.N.Y. 1992), *aff'd,* 23 F.3d 398 (2d Cir. 1994).  The Complaint appends lists of copyright registrations covering *thousands* of individual photographs, yet identifies (in Exhibit 1) a small handful of specific images that Reuters, Adobe, and Sipa allegedly used without permission.  Such pleading is not permitted.  *See, e.g.*, *Cole v. John Wiley & Sons, Inc.*, No. 11-cv-2090, 2012 WL 3133520, at *12 (S.D.N.Y. Aug. 1, 2012).

We look forward to discussing these matters further at the Court's convenience.

Respectfully submitted,

Robert LoBue

---

[4] The Contributor Agreements all include mandatory arbitration clauses.  If Plaintiffs intend to argue that the terms of the Contributor Agreements somehow do not require dismissal of this action, the Moving Parties will move in the alternative to stay this litigation pending resolution in arbitration between Plaintiffs and Imagn of all questions respecting the validity and effect of those agreements.

The Honorable John P. Cronan
April 13, 2021
Page 4

cc:     Hon. Barbara C. Moses

        Kevin P. McCulloch (Counsel for Plaintiffs)
        Nate A. Kleinman (Counsel for Plaintiffs)
        Meaghan H. Kent (Counsel for Defendant Adobe)
        David S. Korzenik (Counsel for Defendants Sipa and Real Time Images)

<u>Proposed Briefing Schedule</u>

| | |
|---|---|
| Motion | May 12, 2021 |
| Opposition | June 2, 2021 |
| Reply | June 16, 2021 |