UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN SPURLOCK; STEVEN MITCHELL; ADAM HUNGER; THOMAS RUSSO; GREG COOPER; STEWART MILNE; NOAH MURRAY; IAN RUTHERFORD; STEVEN FLYNN; JAMES E. BROWN; and MARK ZEROF,<br><br>*Plaintiffs*,<br><br>v.<br><br>THOMSON REUTERS AMERICA CORPORATION; ADOBE INC.; SIPA PRESS, INC.; MAINSTREAM DATE, INC. d/b/a NEWSOM; TT NEWS AGENCY; NTB SCANPIX; SCANPIX BALTICS; SCANPIX DENMARK; PRESSE SPORTS; IMAGEGLOBE d/b/a BELGA IMAGES; REAL TIME IMAGES and JOHN DOE COMPANIES 1-10,<br><br>*Defendants*. | No. 1:20-cv-09135-JPC<br><br>ECF CASE<br>Electronically Filed |

## DECLARATION OF NATHANIEL KLEINMAN

I, Nathaniel A. Kleinman, an attorney duly admitted to practice before this Court, do hereby declare pursuant to 28 U.S.C. § 1746, as follows:

1. I am one of the attorneys for the Plaintiffs in this action. I have personal knowledge of the facts contained in this declaration and am competent to testify to them.

2. I submit this declaration in opposition to the Motion to Dismiss and in the Alternative for Summary Judgment, or to Stay Pending Arbitration (Dkt. No. 55 ("Motion")) filed jointly by Defendants Thomson Reuters America Corporation ("Reuters"); Sipa Press, Inc. ("Sipa"); and Adobe Inc. ("Adobe") (collectively, "Defendants").

1

3. On June 2, 2020, Plaintiffs' counsel contacted Imagn's President, Bruce Odle, by e-mailed letter regarding issues related to Defendants' use of Plaintiffs' photographs.

4. On June 2, 2020, Plaintiffs' counsel contacted Defendant Adobe's in-house legal representative via e-mail and letter.

5. On June 4, 2020, Plaintiffs' counsel contacted Defendant Adobe's in-house legal representative via e-mail and letter.

6. Imagn, Reuters, and Adobe all refused to provide Plaintiffs' counsel with a copy of any license agreement(s) purporting to authorize Defendants' use of Plaintiffs' photographs despite multiple pre-suit requests from Plaintiffs. Imagn's counsel also informed me that Defendants' counsel also objected to Imagn sharing any such agreement(s) with Plaintiffs and refused to permit Imagn to producing unredacted copies of any purported license agreement(s) in discovery during mediation through the American Arbitration Association, despite Plaintiffs already having agreed to a confidentiality agreement specifically to facilitate the exchange of the alleged agreement(s).

7. Plaintiffs never received any royalties related to Defendants' uses of their photos identified in the Complaint prior to notifying Imagn of substantial unpaid uses.

8. No payments made to Plaintiffs by Imagn in 2020 or 2021 have ever been identified as distribution of settlement funds from any purported settlement agreements with Defendants. Since February 17, 2021 (the date of the purported Settlement Agreement and Release entered into by and between Imagn and Reuters News & Media, Inc.), Imagn did not pay or distribute to Plaintiffs any funds in settlement of any legal claims.

9. Prior to March 10, 2021, Imagn did not object to Plaintiffs' bringing this lawsuit or provide notice to Plaintiffs or any contributors of any settlement negotiations with Defendants.

10. Plaintiffs notified Imagn of their intent to file this action at least as early as September 15, 2020, after Imagn and Defendants refused to produce copies of any license agreement(s) to Defendants covering the broad and ongoing use of Plaintiffs' photos.

11. On September 24, 2020, Mr. Odle communicated Imagn's position to Plaintiffs' counsel that it believed "any third party claims" would be "baseless" thereby confirming that Imagn would not be pursuing such claims itself and indicating to Plaintiffs and their counsel that Imagn did not agree that there were any claims to pursue and/or a need for Imagn to negotiate a settlement of any such claims.

12. The document dated February 17, 2021 that Defendants purport to be a Settlement Agreement and Release entered into by and between Imagn and Reuters News & Media, Inc., includes recitals that reference other, prior agreements between Reuters and Imagn, including a "Reuters Connect Contributor Agreement dated May 5, 2017" and an "amendment" to that agreement dated June 29, 2020. (*See* Kleban Decl. Ex. 1, Att. 16 at 1.) Plaintiffs have never been provided copies of any of the agreements referenced therein.

13. Imagn has never provided any basis for the calculation of the settlement amount stated in the document dated February 17, 2021 that Defendants purport to be a Settlement Agreement and Release entered into by and between Imagn and Reuters News & Media, Inc.

14. Imagn has not provided any information to Plaintiffs regarding how the settlement amount stated in the document dated February 17, 2021 that Defendants purport to be a Settlement Agreement and Release entered into by and between Imagn and Reuters News & Media, Inc. is/was/will be allocated and distributed among and between the class of all contributors whose claims Defendants purport were released in this agreement.

15. Defendants have not provided any evidence of any license from Imagn purporting to permit Defendants to use, distribute, sublicense, or sell Plaintiffs' photos, either prior to the filing of this action, in the mediation between Plaintiffs and Imagn, or in this lawsuit.

16. Defendants continue to use and display and sell Plaintiffs' photos without proffering to Plaintiffs any evidence of a valid license and Plaintiffs allege in this action that they do not have a valid license.

17. The document dated February 17, 2021 that Defendants purport to be a Settlement Agreement and Release entered into by and between Imagn and Reuters News & Media, Inc. provides that the release is "[c]onditioned upon . . . Reuters' agreement to make [certain] undertakings" including to "provide reporting of any one-off sales or sales via third-party distributors on a quarterly basis to Imagn, [which] shall include information sufficient to identify the photographer who took the image." (*See* Kleban Decl. Ex. 1, Att. 16 at §§ 2.1, 2.3.1.) Defendants have not provided any evidence that Reuters or its sub-licensees ever satisfied this "condition" of their purported release or ever having submitted any such reports to Imagn, either prior to the filing of this action or since February 17, 2021.

18. The document dated February 17, 2021 that Defendants purport to be a Settlement Agreement and Release entered into by and between Imagn and Reuters News & Media, Inc. provides that the release is "[c]onditioned upon" Reuters' agreement to "provide all reasonable assistance to Imagn . . . so that they may obtain access and related credentials to cover sports events during and after . . . the COVID-19 pandemic." (*See* Kleban Decl. Ex. 1, Att. 16 at §§ 2.1, 2.3.2.) Defendants have not provided any evidence that Reuters or its sub-licensees ever satisfied this "condition" of their purported release and Imagn has denied Plaintiffs this express benefit of the supposed agreement as it has expressly refused and continues to refuse granting Plaintiffs any

credentials to shoot sporting events as a direct response to Plaintiffs raising the issues involved in suit.

19. Plaintiffs and their counsel were not involved in negotiating and had no knowledge of the purported settlement agreements between Imagn and Defendants until copies of such were provided to Plaintiff's counsel via e-mail by Imagn's counsel on or about March 9, 2021. Imagn's counsel did not swear under oath and subject to penalty of perjury that the attachments to that e-mail were true and correct or complete copies of the agreements between those parties. In filing their Arbitration Demand against Imagn, Plaintiffs did not purport to authenticate or confirm whether the documents are true and correct or complete copies, and expressly disputed the documents' validity and effect as a matter of law.

20. Defendants Adobe, Inc.; Mainstream Date, Inc. (d/b/a Newscom); TT News Agency; NTB Scanpix; Scanpix Baltics; Scanpix Denmark; Presse Sports; ImageGlobe (D/b/a Belga Images); and Real Time Images have never produced any evidence that they obtained copies of Plaintiffs' photographs from Imagn, do not claim in any filings in this action to date that they have any license agreement(s) with Imagn, and do not dispute in any filings to date in this action that they obtained copies of Plaintiffs' photographs from a source or entity other than Imagn and that Imagn did not provide copies of Plaintiffs' photographs to them.

21. Attached hereto as Exhibit 1 is a true and correct copy of Respondent Imagn's Answering Statement and Counterclaim dated May 13, 2021 in the arbitration before the American Arbitration Association with Case No. 01-21-0002-7387.

22. Attached hereto as Exhibit 2 is a true and correct copy of Claimaint/Counterclaim Defendants' Brian Spurlock; Steven Mitchell; Adam Hunger; Thomas Russo; Greg Cooper; Stewart Milne; Noah Murray; Ian Rutherford; Steven Flynn; James E. Brown; and Mark Zerof

Answer to Counterclaim dated May 27, 2021 in the arbitration before the American Arbitration Association with Case No. 01-21-0002-7387.

I hereby declare, under penalty of perjury, that the foregoing is true and correct.

Signed this 4th day of June, 2021.

McCulloch Kleinman Law

By: _____
Nathaniel A. Kleinman